UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| OLGA ARROYO, | : Civil No.: 15-cv-03524-AJN |
| | : |
| Plaintiff(s), | : ECF Case |
| | : |
| -against- | : **ANSWER TO FIRST** |
| | **AMENDED COMPLAINT** |
| JPMORGAN CHASE BANK, N.A; CITY WORLD | : |
| ESTATE AUTO HOLDINGS, LLC; BRONX FORD, | : |
| INC.; BRONX FORD LINCOLN MERCURY D/B/A | : |
| CITY WORLD FORD; JOHN DOES 1-10, | : |
| | : |
| Defendant(s). | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Answering defendants, CITY WORLD ESTATE AUTO HOLDINGS, LLC, BRONX

FORD, INC., and BRONX FORD LINCOLN MERCURY d/b/a CITY WORLD FORD

(hereinafter collectively referred to as "City World"), by and through their attorneys, RAVEN &

KOLBE, LLP, hereby Answer the plaintiff Olga Arroyo's First Amended Complaint and

Crossclaims against defendant, JPMorgan Chase Bank, N.A. (hereinafter referred to as "Chase"),

as follows:

## AS TO PRELIMINARY STATEMENT

1.      City World admits that plaintiff and City World entered into a retail installment

contract dated July 30, 2014, which was subsequently assigned to Chase.  City World denies

each and every remaining allegation as contained in paragraph "1" of plaintiff's First Amended

Complaint.

2.      Upon information and belief, no response is required as to the allegations

contained in paragraph "2" of plaintiff's First Amended Complaint.  However, to the extent that

the allegations contained in this paragraph can be construed against City World, they are

expressly denied.

## AS TO JURISDICTION AND VENUE

3.      The allegations as contained in paragraph "3" of plaintiff's First Amended Complaint do not require a response.  However, to the extent that the allegations contained in this paragraph can be construed against City World, they are expressly denied.

4.      The allegations as contained in paragraph "4" of plaintiff's First Amended Complaint do not require a response.  However, to the extent that the allegations contained in this paragraph can be construed against City World, they are expressly denied.

## AS TO PARTIES

5.      City World lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's allegation as to being permanently disabled and on social security and receiving other government benefits as contained in paragraph "5" of plaintiff's First Amended Complaint.  By way of further answer, City World denies the remaining allegations contained herein and begs leave as to plaintiff's allegation of being a "consumer" as defined by the Truth in Lending Act, the Fair Credit Reporting Act, and the Credit Repair Organizations Act.

6.      City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "6" of plaintiff's First Amended Complaint.

7.      City World admits the allegations contained in paragraph "7" of plaintiff's First Amended Complaint.

8.      City World admits the allegations contained in paragraph "8" of plaintiff's First Amended Complaint.

9.      City World admits the allegations contained in paragraph "9" of plaintiff's First Amended Complaint.

10.     City World admits the allegations contained in paragraph "10" of plaintiff's First Amended Complaint.

11.     City World denies all of the allegations contained in paragraph "11" of plaintiff's First Amended Complaint.

12.     The allegations as contained in paragraph "12" of plaintiff's First Amended Complaint do not require a response.

## AS TO FACTUAL ALLEGATIONS

*I.    The Purchase*

13.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "13" of plaintiff's First Amended Complaint.

14.     City World denies all of the allegations contained in paragraph "14" of plaintiff's First Amended Complaint.  By way of further answer, City World lacks sufficient knowledge or information to form a belief as to whether Edwin Arroyo asked Ms. Arroyo whether she would be willing to cosign on a car loan with him if necessary as alleged herein.

15.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "15" of plaintiff's First Amended Complaint.

16.     City World admits the allegations contained in paragraph "16" of plaintiff's First Amended Complaint.

17.     City World admits the allegations contained in paragraph "17" of plaintiff's First Amended Complaint.

18.     City World admits the allegations contained in paragraph "18" of plaintiff's First Amended Complaint.

19.     City World denies all of the allegations contained in paragraph "19" of plaintiff's First Amended Complaint.

20.     City World admits the allegations contained in paragraph "20" of plaintiff's First Amended Complaint except lacks sufficient knowledge or information insofar as they pertain to Ms. Arroyo having an oxygen tank.

21.     City World denies all of the allegations contained in paragraph "21" of plaintiff's First Amended Complaint except admits that at some point during the transaction, an employee of City World did request a copy of plaintiff and her son's driver's licenses and did conduct a credit check on the plaintiff. City World further denies that any credit check was run on the plaintiff prior to the plaintiff selecting a vehicle to purchase.

22.     City World denies all of the allegations contained in paragraph "22" of plaintiff's First Amended Complaint.

23.     City World denies all of the allegations contained in paragraph "23" of plaintiff's First Amended Complaint.

24.     City World denies all of the allegations contained in paragraph "24" of plaintiff's First Amended Complaint.

25.     City World denies all of the allegations contained in paragraph "25" of plaintiff's First Amended Complaint.

26.     City World denies all of the allegations contained in paragraph "26" of plaintiff's First Amended Complaint except admits that at some point during the transaction, Ms. Arroyo was advised that her credit was sufficient in order to take a loan out to purchase the vehicle.

27.     City World denies all of the allegations contained in paragraph "27" of plaintiff's First Amended Complaint.

28.     City World denies all of the allegations contained in paragraph "28" of plaintiff's First Amended Complaint except admits that the plaintiff advised the sales representative, Leticia Lenn, that she wished to purchase a ford explorer on the showroom floor.

29.     City World denies all of the allegations contained in paragraph "29" of plaintiff's First Amended Complaint.

30.     City World denies all of the allegations contained in paragraph "30" of plaintiff's First Amended Complaint.

31.     City World denies all of the allegations contained in paragraph "31" of plaintiff's First Amended Complaint.

32.     City World denies all of the allegations contained in paragraph "32" of plaintiff's First Amended Complaint.

33.     City World denies all of the allegations contained in paragraph "33" of plaintiff's First Amended Complaint.

34.     City World denies all of the allegations contained in paragraph "34" of plaintiff's First Amended Complaint.

35.     City World denies all of the allegations contained in paragraph "35" of plaintiff's First Amended Complaint except admits that paperwork was presented to the plaintiff with a contract to buy the car.

36.     City World denies all of the allegations contained in paragraph "36" of plaintiff's First Amended Complaint except admits that the retail installment contract is printed on paper which is larger than legal size.

37.     City World denies all of the allegations contained in paragraph "37" of plaintiff's First Amended Complaint.

38.     City World denies all of the allegations contained in paragraph "38" of plaintiff's First Amended Complaint.

39.     City World denies all of the allegations contained in paragraph "39" of plaintiff's First Amended Complaint.

40.     City World denies all of the allegations contained in paragraph "40" of plaintiff's First Amended Complaint.

41.     City World denies all of the allegations contained in paragraph "41" of plaintiff's First Amended Complaint.

42.     City World admits the allegations contained in paragraph "42" of plaintiff's First Amended Complaint except denies knowledge or information as to what the plaintiff recalled regarding the signing of a credit application as City World would not be able to determine plaintiff's recall.

43.     City World denies all of the allegations contained in paragraph "43" of plaintiff's First Amended Complaint.

44.     City World admits the allegations contained in paragraph "44" of plaintiff's First Amended Complaint.

45.     City World admits the allegations contained in paragraph "45" of plaintiff's First Amended Complaint.

46.     City World admits that Ms. Arroyo would have received loan documents in the mail and denies information or belief as to the remaining allegations contained in paragraph "46" of plaintiff's First Amended Complaint.

47.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "47" of plaintiff's First Amended Complaint

6

except admits that plaintiff was the sole and principal buyer of the car.

48.     City World cannot admit or deny as to the plaintiff's state of mind, but denies that plaintiff was deceived into purchasing a car.

49.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "49" of plaintiff's First Amended Complaint.

50.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "50" of plaintiff's First Amended Complaint.

51.     City World admits that Ms. Arroyo did return to the dealership at some point and advised that she was having some complications with her benefits and did request a note indicating that Edwin Arroyo would make the payments on the car.  City World denies the remaining allegations contained in paragraph "51" of plaintiff's First Amended Complaint.

52.     City World denies all of the allegations contained in paragraph "52" of plaintiff's First Amended Complaint expect admits that plaintiff was, in fact, the sole purchaser of the vehicle and not a cosigner for her son.

*II. The Financing*

53.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "53" of plaintiff's First Amended Complaint.

54.     City World admits the allegations contained in paragraph "54" of plaintiff's First Amended Complaint and respectfully refers the Court to the actual document which provides the terms of the agreement.

55.     City World admits the allegations contained in paragraph "55" of plaintiff's First Amended Complaint and respectfully refers the Court to the actual document which provides the terms of the agreement.

56.     City World denies all of the allegations contained in paragraph "56" of plaintiff's First Amended Complaint except admits that Ms. Arroyo's contract was in fact assigned to co-defendant JP Morgan Chase.

57.     City World denies all of the allegations contained in paragraph "57" of plaintiff's First Amended Complaint except admits that a credit application was electronically submitted by City World.

58.     City World denies all of the allegations contained in paragraph "58" of plaintiff's First Amended Complaint except admits that City World secured any information as to the plaintiff's credit directly from the plaintiff and respectfully refers to the credit application document.

59.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "59" of plaintiff's First Amended Complaint.

60.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "60" of plaintiff's First Amended Complaint.

61.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "61" of plaintiff's First Amended Complaint.

62.     City World denies all of the allegations contained in paragraph "62" of plaintiff's First Amended Complaint.

63.     The allegations in paragraph "63" of plaintiff's First Amended Complaint refer to the credit application and the Court is respectfully referred to said application for its contents.

64.     The allegations in paragraph "64" of plaintiff's First Amended Complaint refer to the credit application and the Court is respectfully referred to said application for its contents.

65.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "65" of plaintiff's First Amended Complaint.

66.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "66" of plaintiff's First Amended Complaint.

67.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "67" of plaintiff's First Amended Complaint.

68.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "68" of plaintiff's First Amended Complaint.

69.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "69" of plaintiff's First Amended Complaint.

70.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "70" of plaintiff's First Amended Complaint.

71.     City World denies all of the allegations contained in paragraph "71" of plaintiff's First Amended Complaint except admits that City World has been rated "F" by the Better Business Bureau.

72.     City World denies all of the allegations contained in paragraph "72" of plaintiff's First Amended Complaint.

73.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "73" of plaintiff's First Amended Complaint.  By way of further answer, City World denies that there were any "fraudulent and deceptive practices used by City World for defendants to induce her to purchase to an expensive vehicle that she did not intend to purchase, cannot afford, and does not want".

74.     The allegations contained in paragraph "74" of plaintiff's First Amended Complaint makes reference to a portion of a retail installment contract for which the contents speak for itself. The Court is respectfully referred to the entire retail installment contract for its contents. However, to the extent that the allegations contained in this paragraph can be construed against City World, they are expressly denied.

75.     The allegations contained in paragraph "75" of plaintiff's First Amended Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed against City World, they are expressly denied.

76.     City World denies all of the allegations contained in paragraph "76" of plaintiff's First Amended Complaint.

77.     The contents of the allegations contained in paragraph "77" of plaintiff's First Amended Complaint references the retail installment contract which speaks for itself. The Court is respectfully referred to all of the provisions of the retail installment contract.

78.     City World denies all of the allegations contained in paragraph "78" of plaintiff's First Amended Complaint.

79.     City World denies all of the allegations contained in paragraph "79" of plaintiff's First Amended Complaint.

80.     City World denies all of the allegations contained in paragraph "80" of plaintiff's First Amended Complaint.

81.     City World admits the allegations contained in paragraph "81" of plaintiff's First Amended Complaint insofar as they pertain to City World paying $620.40 to Progressive

Insurance Co. to cover Ms. Arroyo's insurance premiums and respectfully refers the Court to the TILA disclosure form for what is contained or not contained in said document.

82.     City World denies all of the allegations contained in paragraph "82" of plaintiff's First Amended Complaint except admits that there was a rebate on the vehicle in the amount of $1,500.

83.     City World admits the allegations contained in paragraph "83" of plaintiff's First Amended Complaint.

84.     City World denies all of the allegations contained in paragraph "84" of plaintiff's First Amended Complaint.

85.     City World denies all of the allegations contained in paragraph "85" of plaintiff's First Amended Complaint.

86.     City World denies all of the allegations contained in paragraph "86" of plaintiff's First Amended Complaint.  By way of further answer, City World denies that plaintiff suffered any injuries and/or damages as a result of any actions or inactions on the part of City World. City World is also without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained herein and, therefore, denies same.

87.     City World denies all of the allegations contained in paragraph "87" of plaintiff's First Amended Complaint.  By way of further answer, City World denies that plaintiff suffered any injuries and/or damages as a result of any actions or inactions on the part of City World. City World is also without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained herein and, therefore, denies same.

88.     City World denies all of the allegations contained in paragraph "88" of plaintiff's First Amended Complaint.  By way of further answer, City World denies that plaintiff suffered

any injuries and/or damages as a result of any actions or inactions on the part of City World. City World is also without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained herein and, therefore, denies same.

89.     City World denies all of the allegations contained in paragraph "89" of plaintiff's First Amended Complaint.  By way of further answer, City World denies that plaintiff suffered any injuries and/or damages as a result of any actions or inactions on the part of City World. City World is also without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained herein and, therefore, denies same.

## AS TO THE FIRST CLAIM FOR RELIEF

(Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* – Against All Defendants)

90.     City World repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "89" of the First Amended Complaint as if same were more fully set forth at length herein.

91.     The allegations set forth in paragraph "91" of plaintiff's First Amended Complaint state a conclusion of law to which no response is necessary.

92.     The allegations set forth in paragraph "92" of plaintiff's First Amended Complaint state a conclusion of law to which no response is necessary.

93.     City World denies all of the allegations contained in paragraph "93" of plaintiff's First Amended Complaint.

94.     City World denies all of the allegations contained in paragraph "94" of plaintiff's First Amended Complaint.

95.     City World denies all of the allegations contained in paragraph "95" of plaintiff's First Amended Complaint.

96.     City World denies all of the allegations contained in paragraph "96" of plaintiff's First Amended Complaint.

97.     City World denies all of the allegations contained in paragraph "97" of plaintiff's First Amended Complaint.

98.     City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "98" of plaintiff's First Amended Complaint.

99.     City World denies all of the allegations contained in paragraph "99" of plaintiff's First Amended Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

(Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* – Against City World Ford Defendants)

100.     City World repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "99" of the First Amended Complaint as if same were more fully set forth at length herein.

101.     City World denies all of the allegations contained in paragraph "101" of plaintiff's First Amended Complaint.

102.     City World denies all of the allegations contained in paragraph "102" of plaintiff's First Amended Complaint.

103.     City World denies all of the allegations contained in paragraph "103" of plaintiff's First Amended Complaint.

104.     City World denies all of the allegations contained in paragraph "104" of plaintiff's First Amended Complaint.

105.     City World denies all of the allegations contained in paragraph "105" of plaintiff's First Amended Complaint.

106.   The allegations contained in paragraph "106" of plaintiff's First Amended Complaint contains conclusions of law to which no response is required.  However, to the extent that the allegations contained in this paragraph can be construed against City World, they are expressly denied.

107.   City World denies all of the allegations contained in paragraph "107" of plaintiff's First Amended Complaint.

108.    City World denies all of the allegations contained in paragraph "108" of plaintiff's First Amended Complaint.

109.   City World denies all of the allegations contained in paragraph "109" of plaintiff's First Amended Complaint except admits that City World did disclose the $1,500 rebate to the plaintiff.

110.   City World denies all of the allegations contained in paragraph "110" of plaintiff's First Amended Complaint.

## AS TO THE THIRD CLAIM FOR RELIEF

(Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* – Against All Defendants)

111.   City World repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "110" of the First Amended Complaint as if same were more fully set forth at length herein.

112.   The allegations contained in paragraph "112" of plaintiff's First Amended Complaint contains conclusions of law to which no response is required.  However, to the extent that the allegations contained in this paragraph can be construed against City World, they are expressly denied.

113.    City World denies all of the allegations contained in paragraph "113" of plaintiff's First Amended Complaint.

114.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "114" of plaintiff's First Amended Complaint.

115.    City World denies all of the allegations contained in paragraph "115" of plaintiff's First Amended Complaint.

## AS TO THE FOURTH CLAIM FOR RELIEF

(N.Y. Gen. Bus. Law § 349 *et seq.* – Against All Defendants)

116.    City World repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "115" of the First Amended Complaint as if same were more fully set forth at length herein.

117.    The allegations contained in paragraph "117" of plaintiff's First Amended Complaint contains conclusions of law to which no response is required.  However, to the extent that the allegations contained in this paragraph can be construed against City World, they are expressly denied.

118.    The allegations contained in paragraph "118" of plaintiff's First Amended Complaint contains conclusions of law to which no response is required.  However, to the extent that the allegations contained in this paragraph can be construed against City World, they are expressly denied.

119.    City World denies all of the allegations contained in paragraph "119" of plaintiff's First Amended Complaint.

120.    City World denies all of the allegations contained in paragraph "120" subsections "a through j" of plaintiff's First Amended Complaint.

121.    City World denies all of the allegations contained in paragraph "121" of plaintiff's First Amended Complaint.

122.    City World denies all of the allegations contained in paragraph "122" of plaintiff's First Amended Complaint.

123.    City World denies all of the allegations contained in paragraph "123" of plaintiff's First Amended Complaint.

124.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "124" of plaintiff's First Amended Complaint.

125.    City World denies all of the allegations contained in paragraph "125" of plaintiff's First Amended Complaint.

## AS TO THE FIFTH CLAIM FOR RELIEF

(Fraud – Against All Defendants)

126.    City World repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "125" of the First Amended Complaint as if same were more fully set forth at length herein.

127.    City World denies all of the allegations contained in paragraph "127" of plaintiff's First Amended Complaint.

128.    City World denies all of the allegations contained in paragraph "128" of plaintiff's First Amended Complaint.

129.    City World denies all of the allegations contained in paragraph "129" of plaintiff's First Amended Complaint.

130.    City World denies all of the allegations contained in paragraph "130" of plaintiff's First Amended Complaint.

16

131.    City World denies all of the allegations contained in paragraph "131" of plaintiff's First Amended Complaint.

## AS TO THE SIXTH CLAIM FOR RELIEF

(Negligence – Against Defendant Chase)

132.    City World repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "131" of the First Amended Complaint as if same were more fully set forth at length herein.

133.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "133" of plaintiff's First Amended Complaint.

134.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "134" of plaintiff's First Amended Complaint.

135.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "135" of plaintiff's First Amended Complaint.

136.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "136" of plaintiff's First Amended Complaint.

137.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "137" of plaintiff's First Amended Complaint.

138.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "138" of plaintiff's First Amended Complaint.

## AS TO THE SEVENTH CLAIM FOR RELIEF

(Breach of Duty of Good Faith and Fair Dealing – Against Defendant Chase)

139.    City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "139" of plaintiff's First Amended Complaint.

140.   City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "140" of plaintiff's First Amended Complaint.

141.   City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "141" of plaintiff's First Amended Complaint.

142.   City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "142" of plaintiff's First Amended Complaint.

143.   City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "143" of plaintiff's First Amended Complaint.

144.   City World lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "144" of plaintiff's First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

If injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the First Amended Complaint, such injuries and damages are attributable in whole or in part, to the culpable conduct of the plaintiff.

If any damages are recoverable against said defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct, if any, of said defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the alleged incident and injuries, if any, were caused in whole or in part by reason of the plaintiff taking upon herself the ordinary risks incident to the transaction plaintiff was participating in at the time of the incident and the risks inherent in it; if any damages are recoverable against these answering defendants, the amount of such damages shall be reduced by the amount thereof caused by plaintiff's assumption of risks concomitant with this transaction.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the First Amended Complaint fails to state facts sufficient to constitute a legal cause of action against answering defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the causes of action herein may not be maintained because they are barred by the applicable statute of limitations prescribed by the CPLR and the laws of the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff has Unclean Hands and is therefore barred from asserting any claims against City World.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff can prove any damages, said damages would have been entirely caused by the tortious acts of others not named as defendants in the plaintiff's First Amended Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

At all times herein, City World acted in good faith and relied upon the information provided by the plaintiff in terms of applying for credit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

At no time did City World acts constitute willfulness, recklessness, oppression, fraud and/or malice and plaintiff is not entitled to punitive damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

If, in fact, plaintiff did not intend to purchase the car in question and/or secure credit to

finance same, then she was, upon information and belief, given misleading and/or false information by others including her son and/or his fiancé, who are identified in the plaintiff's First Amended Complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff has made payments towards the loan on the car in question directly to Chase evidencing the purchase of her vehicle and corroborating the contents of the retail installment contract for which the plaintiff is responsible.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

City World will rely upon any and all further defenses which become available or appear during discovery in this action and hereby specifically reserve the right to amend its Answer for the purpose of asserting any such additional defenses.

**WHEREFORE**, answering defendants demand judgment dismissing the First Amended Complaint against defendants, CITY WORLD ESTATE AUTO HOLDINGS, LLC, BRONX FORD, INC., and BRONX FORD LINCOLN MERCURY d/b/a CITY WORLD FORD; that the liability of the defendants, if any, be determined as and between themselves and the damages, if any, be apportioned together with the costs and disbursements of this action; including all costs and disbursements of defending this action; and, for such other and further relief as this Court may deem just and proper.

Dated: July 23, 2015

Yours, etc.

RAVEN & KOLBE, LLP

By: _____
Keith A. Raven (KR-8086)
Attorneys for Defendants

CITY WORLD ESTATE AUTO HOLDINGS,
LLC, BRONX FORD, INC., and BRONX FORD
LINCOLN MERCURY d/b/a CITY WORLD
FORD
126 East 56th Street, Suite 202
New York, New York 10022
Tel. (212) 759-7466
Fax (212) 759-0166
File No.: 747-014-01

TO:

LAW OFFICES OF AHMAD KESHAVARZ
16 Court Street, 26th Floor
Brooklyn, New York 11241

Neighborhood Economic Development Advocacy Project
176 Grand Street, Suite 300
New York, New York 10013

Reed Smith, LLP
225 Fifth Avenue
Pittsburgh, PA 15222

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

        Nelida M. Lamboy-Perez, being duly sworn, deposes and says:

        1.      That she is an employee in the office of RAVEN & KOLBE, LLP, attorneys herein.

        2.      That deponent is not a party to the action or proceeding, is over eighteen (18) years of age, and resides in Glendale, New York.

        3.      That on August 5, 2015 she filed via ECF and served the within copy of the **ANSWER TO FIRST AMENDED COMPLAINT** upon:

> LAW OFFICES OF AHMAD KESHAVARZ
> 16 Court Street, 26th Floor
> Brooklyn, New York 11241
>
> Neighborhood Economic Development Advocacy Project
> 176 Grand Street, Suite 300
> New York, New York 10013
>
> Reed Smith, LLP
> 225 Fifth Avenue
> Pittsburgh, PA 15222

by depositing a true copy of the same securely in a postpaid wrapper, in a Post Office Box regularly maintained by the United States Government directed to the above-mentioned parties at their respective address above, that this being the address within the State designated by them for the purpose upon the preceding papers in this action or the place where they then kept an office, between which place, there then was and now is a regular communication by mail.

                                                  _____
                                          NELIDA M. LAMBOY-PEREZ

Sworn to before me this
5th day of August, 2015

Lorna Rodney
Notary Public, State of New York
No. 01R05056568
Qualified in Kings County
Commission Expires 3-4-18