UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

OLGA ARROYO,                                          :   Civil No.: 15-cv-03524-AJN
                                                      :
                        Plaintiff(s),                 :   ECF Case
                                                      :
    -against-                                         :   **ANSWER TO CO-DEFENDANT**
                                                      :   **JPMORGAN CHASE**
JPMORGAN CHASE BANK, N.A; CITY WORLD                  :   **BANK, N.A.'S CROSS-CLAIMS**
ESTATE AUTO HOLDINGS, LLC; BRONX FORD,                :
INC.; BRONX FORD LINCOLN MERCURY D/B/A                :
CITY WORLD FORD; JOHN DOES 1-10,                      :
                                                      :
                        Defendant(s).                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Answering defendants, CITY WORLD ESTATE AUTO HOLDINGS, LLC, BRONX

FORD, INC., and BRONX FORD LINCOLN MERCURY d/b/a CITY WORLD FORD, by and

through their attorneys, RAVEN & KOLBE, LLP, hereby Answer the Cross-claims of co-

defendant JPMORGAN CHASE BANK, N.A. as follows:

### AS TO NATURE OF THE CROSS-CLAIM AND RELIEF SOUGHT

     1.     Answering defendants deny all of the allegations contained in paragraph "1" of

co-defendant's Cross-claims.

### AS TO PARTIES

     2.     Answering defendants lack sufficient knowledge or information to form a belief

as to the truth of the allegations contained in paragraph "2" of co-defendant's Cross-claims.

     3.     Answering defendants admit the allegations contained in paragraph "3" of co-

defendant's Cross-claims.

     4.     Answering defendants admit the allegations contained in paragraph "4" of co-

defendant's Cross-claims.

5.      This allegation does not require a response.  To the extent a response is required, the allegations are denied.

6.      This allegation does not require a response.  To the extent a response is required, the allegations are denied.

## AS TO JURISDICTION AND VENUE

7.      These allegations contain jurisdictional and venue for which no response is required.  To the extent a response is required, answering defendants deny same.

8.      These allegations contain jurisdictional and venue for which no response is required.  To the extent a response is required, answering defendants deny same.

## AS TO FACTUAL BACKGROUND

9.      Answering defendants admit the allegations contained in paragraph "9" of co-defendant's Cross-claims and respectfully refer to all of the terms and conditions of the Contract.

10.     Answering defendants admit the allegations contained in paragraph "10" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

11.     Answering defendants admit the allegations contained in paragraph "11" of co-defendant's Cross-claims.

12.     Answering defendants admit the allegations contained in paragraph "12" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

13.     Answering defendants admit the allegations contained in paragraph "13" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

14.     Answering defendants admit the allegations contained in paragraph "14" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

15.     Answering defendants admit the allegations contained in paragraph "15" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

16.     Answering defendants admit the allegations contained in paragraph "16" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

17.     Answering defendants admit the allegations contained in paragraph "17" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

18.     Answering defendants admit the allegations contained in paragraph "18" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

19.     Answering defendants admit the allegations contained in paragraph "19" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

20.     Answering defendants admit the allegations contained in paragraph "20" of co-defendant's Cross-claims to the extent that the Court is respectfully referred to the terms of the Agreement.

21.     Answering defendants deny all of the allegations contained in paragraph "21" of co-defendant's Cross-claims to the extent that this allegation calls for a legal conclusion and refers the Court to all of the terms and conditions of the Dealer Agreement.

22.     Answering defendants deny all of the allegations contained in paragraph "22" of co-defendant's Cross-claims to the extent that this allegation calls for a legal conclusion.

23.     Answering defendants admit the allegations contained in paragraph "23" of co-defendant's Cross-claims.

24.     Answering defendants admit the allegations contained in paragraph "24" of co-defendant's Cross-claims.

25.     Answering defendants admit the allegations contained in paragraph "25" of co-defendant's Cross-claims.

26.     Answering defendants admit the allegations contained in paragraph "26" of co-defendant's Cross-claims.

27.     Answering defendants admit the allegations contained in paragraph "27" of co-defendant's Cross-claims.

28.     No response to the allegations contained in paragraph "28 a through f" of co-defendant's Cross-claims is necessary and the Court is respectfully referred to plaintiff's Complaint.  To the extent a response is required, defendants deny the allegations.

29.     Answering defendants deny all of the allegations contained in paragraph "29" of co-defendant's Cross-claims to the extent that these answering defendants are not aware of the state of mind of Chase.  In all other respects, the allegations are denied.

30.     The allegations contained in paragraph "30 a through d" do not require a response.  To the extent a response is required, said allegations are denied.

31.    The allegation as contained in paragraph "31" of co-defendant's Cross-claims does not require a response from these answering defendants.    To the extent a response is required, answering defendants deny same.

32.    Answering defendants deny all of the allegations contained in paragraph "32" of co-defendant's Cross-claims.

33.    Answering defendants can neither deny nor admit the allegations contained in paragraph "33" of co-defendant's Cross-claims.

34.    Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "34" of co-defendant's Cross-claims.

35.    Answering defendants deny all of the allegations contained in paragraph "35" of co-defendant's Cross-claims.

### AS TO THE FIRST CROSS-CLAIM FOR CONTRACTUAL INDEMNITY

36.    Answering defendants repeat, reiterate and reallege each and every answer to the allegations set forth in paragraphs "1" through "35" of co-defendant's Cross-claims as if same were more fully set forth at length herein.

37.    Answering defendants deny all of the allegations contained in paragraph "37" of co-defendant's Cross-claims to the extent that this allegation calls for a legal conclusion.    In all other respects, this allegation is denied.

38.    Answering defendants deny all of the allegations contained in paragraph "38" of co-defendant's Cross-claims to the extent that this allegation calls for a legal conclusion and refers the Court to all of the terms and conditions of the Dealer Agreement.    In all other respects, this allegation is denied.

39.     Answering defendants deny all of the allegations contained in paragraph "39" of co-defendant's Cross-claims.

40.     Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "40" of co-defendant's Cross-claims.

41.     Answering defendants deny all of the allegations contained in paragraph "41" of co-defendant's Cross-claims to the extent that this allegation does not require a response.  In all other respects, this allegation is denied.

42.     Answering defendants deny all of the allegations contained in paragraph "42" of co-defendant's Cross-claims.

43.     Answering defendants deny all of the allegations contained in paragraph "43" of co-defendant's Cross-claims.

44.     Answering defendants deny all of the allegations contained in paragraph "44" of co-defendant's Cross-claims.

### AS TO THE SECOND CROSS-CLAIM FOR DECLARATORY RELIEF

45.     Answering defendants repeat, reiterate and reallege each and every answer to the allegations set forth in paragraphs "1" through "44" of co-defendant's Cross-claims as if same were more fully set forth at length herein.

46.     Answering defendants deny all of the allegations contained in paragraph "46" of co-defendant's Cross-claims to the extent that this allegation calls for a legal conclusion.

47.     Answering defendants deny all of the allegations contained in paragraph "47" of co-defendant's Cross-claims to the extent that this allegation calls for a legal conclusion.

## AS TO THE THIRD CROSS-CLAIM FOR CONTRIBUTION

48.     Answering defendants repeat, reiterate and reallege each and every answer to the allegations set forth in paragraphs "1" through "47" of co-defendant's Cross-claims as if same were more fully set forth at length herein.

49.     Answering defendants deny all of the allegations contained in paragraph "49" of co-defendant's Cross-claims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Co-defendant has failed to mitigate its alleged damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That co-defendant's acts and/or omissions as alleged in plaintiff's Complaint as against JPMORGAN CHASE BANK, N.A. are not the responsibility of CITY WORLD ESTATE AUTO HOLDINGS, LLC, BRONX FORD, INC., and BRONX FORD LINCOLN MERCURY d/b/a CITY WORLD FORD for which no contribution nor indemnity is required.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Co-defendant JPMORGAN CHASE BANK, N.A. has unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Co-defendant JPMORGAN CHASE BANK, N.A. has not fulfilled its obligation pursuant to the terms of the "Dealer Agreement".

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Answering defendants will rely upon any and all further defenses which become available or appear during discovery in this action and hereby specifically reserve the right to amend their Answer to co-defendant's Cross-claims for the purpose of asserting any such additional defenses.

**WHEREFORE**, answering defendants demand judgment dismissing the First Amended Complaint against defendants, CITY WORLD ESTATE AUTO HOLDINGS, LLC, BRONX FORD, INC., and BRONX FORD LINCOLN MERCURY d/b/a CITY WORLD FORD; that the liability of the defendants, if any, be determined as and between themselves and the damages, if any, be apportioned together with the costs and disbursements of this action; judgment dismissing the Cross-claims of co-defendant; and, for such other and further relief as this Court may deem just and proper.

Dated: August 31, 2015

Yours, etc.

RAVEN & KOLBE, LLP

By: _____

Keith A. Raven (KR-8086)
Attorneys for Defendants
CITY WORLD ESTATE AUTO HOLDINGS,
LLC, BRONX FORD, INC., and BRONX
FORD LINCOLN MERCURY d/b/a CITY
WORLD FORD
126 East 56th Street, Suite 202
New York, New York 10022
Tel. (212) 759-7466
Fax (212) 759-0166
File No.: 747-014-01

TO:

REED SMITH, LLP
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.
225 Fifth Avenue
Pittsburgh, PA 15222
Tel. (412) 288-3250
Fax (412) 288-3063

LAW OFFICES OF AHMAD KESHAVARZ
Attorneys for Plaintiff
OLGA ARROYO
16 Court Street, 26th Floor
Brooklyn, New York 11241

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK   )

        Nelida M. Lamboy-Perez, being duly sworn, deposes and says:

        1.      That she is an employee in the office of RAVEN & KOLBE, LLP, attorneys herein.

        2.      That deponent is not a party to the action or proceeding, is over eighteen (18) years of age, and resides in Glendale, New York.

        3.      That on September 1, 2015 she filed via ECF and served the within copy of the **ANSWER TO CO-DEFENDANT JPMORGAN CHASE BANK, N.A.'S CROSS-CLAIMS** upon:

                 REED SMITH, LLP
                 225 Fifth Avenue
                 Pittsburgh, PA 15222

                 LAW OFFICES OF AHMAD KESHAVARZ
                 16 Court Street, 26th Floor
                 Brooklyn, New York 11241

by depositing a true copy of the same securely in a postpaid wrapper, in a Post Office Box regularly maintained by the United States Government directed to the above-mentioned parties at their respective address above, that this being the address within the State designated by them for the purpose upon the preceding papers in this action or the place where they then kept an office, between which place, there then was and now is a regular communication by mail.

                                           _____
                                         NELIDA M. LAMBOY PEREZ

Sworn to before me this
1st day of September, 2015

_____
Lorna Rodney
Notary Public, State of New York
No. 01R05056568
Qualified in Kings County
Commission Expires 3-4-18