

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

**Mary J. Hackett**
Direct Phone:  +1 412 288 3250
Email:  mhackett@reedsmith.com

September 4, 2015

**By ECF and Electronic Mail**
**Via Email (NathanNYSDchambers@nysd.uscourts.gov)**

Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2012
New York, NY 10007

**Re: Olga Arroyo v. JP Morgan Chase Bank, N.A. et al., Civil Action No. 1:15-cv-03524-AJN**

Dear Judge Nathan:

Please accept this joint letter pursuant the Court's Notice of Initial Pretrial Conference that is being filed together with the attached Proposed Civil Case Management Plan. As used herein, "Chase" shall refer to Defendant/Cross-Plaintiff JPMorgan Chase Bank, N.A., and "City World" shall refer to Defendants/Cross-Defendants City World Estate Auto Holdings, LLC, Bronx Ford, Inc., and Bronx Ford Lincoln Mercury dba City World Ford.

    **(1)    A brief statement of the nature of the action and the principal defenses thereto:**

Plaintiff's Statement

Plaintiff Olga Arroyo is a Manhattan resident with serious health problems.  She is permanently disabled and relies on Social Security, food stamps, Medicaid and a Section 8 rental subsidy for her only income. On or about July 30, 2014, Ms. Arroyo accompanied her son to City World, a Bronx auto dealer, intending to cosign for him if necessary. Defendants unlawfully deceived Ms. Arroyo into purchasing a car as the sole and principal buyer. City World Ford blatantly falsified information on Ms. Arroyo's credit application by misstating her income, and then sold her Retail Instalment Contract to Chase. Chase failed to underwrite Ms. Arroyo's credit application and purchased the contract despite the fact that the credit application prepared by City World Ford was obviously suspect on its face. Ms. Arroyo had no part in Defendants' fraud. She does not want and cannot afford this car because the payments are more than half of her monthly income. As a result of their actions, Defendants reaped substantial profits for themselves and caused significant harm and emotional distress to Ms. Arroyo.

Ms. Arroyo has brought claims for fraudulent and deceptive practices and the violation of  the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., the Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679 et seq.,  New York General Business Law (GBL) § 349, and state common law.

Honorable Alison J. Nathan
September 4, 2015
Page 2

ReedSmith

In bringing this lawsuit, Ms. Arroyo seeks to void the Retail Instalment Contract and to reform Defendants' policies and practices so that City World is no longer violating the law, and so that Chase properly underwrites loans to avoid purchasing fraudulently obtained Retail Instalment Contracts, and properly monitors dealers with which it does business. Ms. Arroyo also seeks damages, including full recovery for emotional distress and punitive damages for fraud. Plaintiff responds to Chase's statement regarding settlement in items 4 and 7 below.

Chase's Statement

Ms. Arroyo obtained a loan a year ago to purchase a Ford Explorer from City World. As alleged in her Amended Complaint ("Complaint"), Ms. Arroyo accompanied her son and his girlfriend to City World with the intention of being a cosigner on an auto loan if necessary for her son to purchase a vehicle.

While they were at the dealership, City World electronically submitted a credit application on Ms. Arroyo's behalf to Chase. In addition, Ms. Arroyo signed the contract ("Contract") for the purchase of the Explorer as the "Buyer." Ms. Arroyo alleges that she does not recall signing the credit application, but does not allege that the signature on the application is not hers. Nothing in the Complaint suggests that a credit application was submitted on the son's behalf, and he did not sign the Contract.

Based on the information in the credit application, Chase approved Ms. Arroyo for a loan to purchase the Explorer through an automated (computer-driven) approval process. Automated decisioning is common in the auto industry. Chase did not have any direct dealings with Ms. Arroyo at the time the vehicle was purchased.

Ms. Arroyo alleges that she did not intend to buy the vehicle – it was to be purchased by her son with Ms. Arroyo as a cosigner. Ms. Arroyo claims that the loan in her name is jeopardizing her housing support status and is causing her emotional distress.

Ms. Arroyo blames City World for, among other things, misrepresenting her income on the credit application as $90,000. Ms. Arroyo alleges that Chase would have realized that information in the application was incorrect – and not approved the application – if it had compared that information to information in its system about Ms. Arroyo's checking account, where only Social Security benefits were deposited, and her prior Chase credit card, which had a low credit limit. Ms. Arroyo also alleges that the credit application was "obviously suspect" in listing her employer as "retired" and her occupation as "manager," with her home and work phones identical. Chase disagrees that claims properly may be brought based on its approval of the credit application and believes it could properly rely on information in the application.

Although the alleged misrepresentation of Ms. Arroyo's income was not that of Chase, Chase has diligently tried to resolve this matter by offering to make Ms. Arroyo more than whole financially. Plaintiff has not responded to Chase's offers and has not made a demand.

City World has failed to respond to Chase's demand that it confirm that it will honor its contractual obligation to repurchase the loan.

Honorable Alison J. Nathan
September 4, 2015
Page 3



City World's Statement

It is the position of CITY WORLD ESTATE AUTO HOLDINGS, LLC, BRONX FORD, INC., and BRONX FORD LINCOLN MERCURY d/b/a CITY WORLD FORD (Collectively referred to as "City World" that the plaintiff came into the defendant's Dealership to purchase a vehicle. At no time did she or any family member, including her son and/or his girlfriend ever advise anyone at City World that the car was being purchased for the son and that the plaintiff was only there to co-sign a loan.

Ms. Arroyo selected the vehicle which she wanted and was presented with all appropriate paperwork and all documents required by law. She also was asked to fill out a credit application and did in fact give the information to various personnel at City World. A credit application was processed and she was approved for a loan for the purchase of the vehicle. JP Morgan approved the loan.

At all times, Ms. Arroyo represented that she was purchasing the vehicle and she alone signed the credit application.

At no time, was the plaintiff defrauded by anyone at City World and all laws were complied with and Ms. Arroyo became the owner of the vehicle and only complained to the Dealership when she found out that the purchase of the vehicle and/or the taking of a loan would interfere with her Social Security benefits did she request documentation from City World that the vehicle was really for her son.

**(2)    A brief explanation of why jurisdiction and venue lie in this Court:**

This action was commenced in the United States District Court, Southern District of New York pursuant to 28 U.S.C. 1331 and Plaintiff's claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. This action was commenced in this venue pursuant to 28 U.S.C. § 1391(b)(2) because as alleged, a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

**(3)    A brief explanation of all outstanding motions and/or all outstanding requests to file motions:**

None.

**(4)    A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations:**

To date, no formal discovery has taken place. Plaintiff anticipates serving discovery requests prior to the initial conference.

Chase's position.

It is Chase's position that no discovery is required before the parties can engage in meaningful settlement negotiations.

Honorable Alison J. Nathan
September 4, 2015
Page 4

ReedSmith

Because Plaintiff has insisted that she will not discuss settlement until she better understands Chase's policies and procedures, as part of the settlement process, Chase has agreed to meet with Plaintiff's counsel to discuss certain procedures that Plaintiff has identified.

Plaintiff's position.

It is important to Plaintiff that there be a discussion as to reforming Chase's policies and practices so that it properly underwrites loans so as to avoid purchasing fraudulently obtained Retail Instalment Contracts, such as that obtained in the name of Plaintiff, and so that it properly monitors dealers with which it does business. In that regard, counsel for Plaintiff is having in person settlement discussions on September 10, 2015 with counsel for Chase and a principal of Chase. The purpose of the meeting is to discuss Chase's current underwriting process with an eye towards discussing possible reforms as part of a settlement. At a minimum, the meeting should help focus the information needed in discovery to continue a conversation with Chase as to policy changes as part of a settlement with Chase. Some discovery as to Chase's existing policies and procedures is necessary to be able to discuss what reforms may be agreed to as part of a possible settlement with Chase.

City World is a different matter. Plaintiff alleges, inter alia, outright fraud against City World, such as falsifying her credit application, and misrepresenting that she would be merely a co-signer. City World's position, as articulated in its above statement, affirmatively disputes all of Plaintiff's material allegations that form the basis of her claims, including her fraud claims. Basic paper discovery is needed at the very least. Depending on Defendants' level of cooperation and what is revealed in the initial round of paper discovery, more robust discovery may be needed, possibly including depositions.

> **(5)** **A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any:**

On May 21, 2015, Chase provided a written proposal to Plaintiff's counsel to resolve this matter. Plaintiff did not respond. Thereafter, Chase's counsel spoke with Plaintiff's counsel on June 16, 2015 to confirm Chase's willingness to resolve this matter and to request a demand. That conversation lasted approximately 20 minutes. Counsel spoke again briefly on July 20, 2015. To date, Plaintiff has not made a demand.

As previously indicated, on September 10, 2015, counsel for Plaintiff will meet in person with counsel for Chase and a principal at Chase to discuss settlement issues. Specifically, they will discuss Chase's current underwriting process with an eye towards discussing possible reforms as part of a settlement. During the Fed.R.Civ.P. 26(f) conference counsel on August 26, 2015 spoke for approximately 15 minutes regarding expedited discovery responses in aid for possible early private mediation, and the terms under which an early mediation might take place. Plaintiff anticipates sending written discovery prior to the initial conference and, depending on the expedited responses to the same, the parties will continue to discuss the possibility of early mediation. The parties also discussed insurance coverage for the claims brought against City World.

Honorable Alison J. Nathan  
September 4, 2015
Page 5

**(6)** **The estimated length of trial:**

The parties estimate the trial of this action would be approximately four days.

**(7)** **Any other information that the parties believe may assist the Court in resolving the action:**

<u>Chase's position.</u>

This matter should be resolved. On May 21, 2015 Chase offered to: (1) accept return of the vehicle in full payment of the loan, to delete any credit reporting information as to Plaintiff, and to pay $10,000 to Plaintiff; or (2) to refinance the loan with Plaintiff's son, to delete any credit reporting information as to Plaintiff, and to pay Plaintiff $5000. Plaintiff's only response is that she wants discovery into Chase's procedures. This case should not proceed further given Chase's willingness to address the grievances raised by Plaintiff and its sincere willingness to make her whole.

<u>Plaintiff's position.</u>

Plaintiff appreciates Chase's initial settlement overtures. Counsel for Plaintiff is continuing those discussions with the in person meeting on September 10, 2015. However, as previously discussed, a foundational issue to address what types of policies and procedures Chase has in place that allowed the approval of a loan under Ms. Arroyo's circumstances, and what steps Chase is willing to take as part of settlement discussions to reform those practices. Chases contention that it is willing to make Plaintiff "financially whole" does nothing to address the substantial emotional distress damages, even if the damages were so-called "garden variety." See Abel v. Town Sports Int'l, LLC, 09 CIV. 10388 DF, 2012 WL 6720919 at * 16 (S.D.N.Y. Dec. 18, 2012) (surveying "garden variety" emotional distress awards). There is also a significant risk of punitive damages for fraud, which also has not been part of the conversation to date.

Respectfully submitted,

| THE NEW ECONOMY PROJECT | REED SMITH LLP |
|---|---|
| /s/ | /s/ |
| Claudia Wilner | Mary J. Hackett |
| *Counsel for Plaintiff Ogla Arroyo* | *Counsel for Defendant/Cross-Claim Plaintiff JPMorgan Chase Bank, N.A.* |
| | |
| THE LAW OFFICES OF AHMAD KESHAVARZ | RAVEN & KOLBE, LLP\ |
| /s/ | /s/ |
| Ahmad Keshavarz | Keith A. Raven |
| *Counsel for Plaintiff Ogla Arroyo* | *Counsel for Defendant/Cross-Defendants City* |

Honorable Alison J. Nathan  
September 4, 2015
Page 5

**(6)**     **The estimated length of trial:**

The parties estimate the trial of this action would be approximately four days.

**(7)**     **Any other information that the parties believe may assist the Court in resolving the action:**

<u>Chase's position.</u>

This matter should be resolved. On May 21, 2015 Chase offered to: (1) accept return of the vehicle in full payment of the loan, to delete any credit reporting information as to Plaintiff, and to pay $10,000 to Plaintiff; or (2) to refinance the loan with Plaintiff's son, to delete any credit reporting information as to Plaintiff, and to pay Plaintiff $5000. Plaintiff's only response is that she wants discovery into Chase's procedures. This case should not proceed further given Chase's willingness to address the grievances raised by Plaintiff and its sincere willingness to make her whole.

<u>Plaintiff's position.</u>

Plaintiff appreciates Chase's initial settlement overtures. Counsel for Plaintiff is continuing those discussions with the in person meeting on September 10, 2015. However, as previously discussed, a foundational issue to address what types of policies and procedures Chase has in place that allowed the approval of a loan under Ms. Arroyo's circumstances, and what steps Chase is willing to take as part of settlement discussions to reform those practices. Chases contention that it is willing to make Plaintiff "financially whole" does nothing to address the substantial emotional distress damages, even if the damages were so-called "garden variety." See Abel v. Town Sports Int'l, LLC, 09 CIV. 10388 DF, 2012 WL 6720919 at * 16 (S.D.N.Y. Dec. 18, 2012) (surveying "garden variety" emotional distress awards). There is also a significant risk of punitive damages for fraud, which also has not been part of the conversation to date.

Respectfully submitted,

| THE NEW ECONOMY PROJECT | REED SMITH LLP |
|---|---|
| /s/ | /s/ |
| Claudia Wilner | Mary J. Hackett |
| *Counsel for Plaintiff Ogla Arroyo* | *Counsel for Defendant/Cross-Claim Plaintiff JPMorgan Chase Bank, N.A.* |
| | |
| THE LAW OFFICES OF AHMAD KESHAVARZ | RAVEN & KOLBE, LLP\ |
| /s/ | /s/ |
| Ahmad Keshavarz | Keith A. Raven |
| *Counsel for Plaintiff Ogla Arroyo* | *Counsel for Defendant/Cross-Defendants City* |

Honorable Alison J. Nathan
September 4, 2015
Page 6



*World Estate Auto Holdings, LLC, Bronx Ford, Inc., and Bronx Ford Lincoln Mercury dba City World Ford*