## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLGA ARROYO | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:15-cv-03524 (AJN) |
| | ) |
| v. | ) ECF CASE |
| | ) |
| JPMORGAN CHASE BANK, N.A.; CITY WORLD ESTATE AUTO HOLDINGS, LLC; BRONX FORD, INC.; BRONX FORD LINCOLN MERCURY D/B/A CITY WORLD FORD; JOHN DOES 1-10 | ) ) ) ) ) ) |
| Defendants. | ) ) |
| JPMORGAN CHASE BANK, N.A., | ) ) |
| Cross-Claim Plaintiff, | ) ) |
| v. | ) ) |
| CITY WORLD ESTATE AUTO HOLDINGS, LLC; BRONX FORD LINCOLN MERCURY D/B/A CITY WORLD FORD; JOHN DOES 1-10. | ) ) ) ) |
| Cross-Claim Defendants. | ) ) ) |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Mary J. Hackett
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3250
Facsimile: (412) 288-3063
mhackett@reedsmith.com

*Counsel for Defendant/Cross-Claim Plaintiff JPMorgan Chase Bank, N.A.*

## TABLE OF CONTENTS

                                                                                                                                    **Page**

I. INTRODUCTION ............................................................................................................1

II. PLAINTIFF'S ALLEGATIONS .....................................................................................2

III. LEGAL ARGUMENT......................................................................................................2

      A. Chase Is Entitled To Judgment As A Matter of Law On Plaintiff's Negligence Claim Because Chase As A Lender Does Not Owe Plaintiff a Duty...................................................................................................................3

      B. Plaintiff's Claim For Breach of the Duty of Good Faith And Fair Dealing Likewise Fails Because Plaintiff Does Not Allege A Breach Of Her Underlying Contract............................................................................................5

      C. Plaintiff's Request For Injunctive Relief Should Be Dismissed.............................6

IV. CONCLUSION.................................................................................................................8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................3

*Burger v. Singh*,
 28 A.D. 3d 695,697 (2d Dep't 2006) .....................................................................................4

*Calisch Assoc. v. Manufacturers Hanover Trust Co.*,
 151 A.D. 2d 446 (1989) ..........................................................................................................5

*Campbell v. Ernest*,
 64 Hun. 188 (N.Y. 1892) ........................................................................................................7

*Cendant Mortg. Corp. v. Packes*,
 37 A.D. 3d 515 (2d Dep't 2007) .............................................................................................4

*CFSC Capital Corp. XXVII v. Bachman Mech. Sheet Metal Co., Inc.*,
 247 A.D. 2d 502 (2d Dep't 1998) ...........................................................................................4

*Credit Agricole Indosuez v. Rossiyskiy Kredit Bank*,
 94 N.Y. 2d 541 (2000) ............................................................................................................7

*Ctr.-Point Merch. Bank Ltd. v. Am. Exp. Bank Ltd.*,
 913 F. Supp. 202 (S.D.N.Y. 1996) .........................................................................................6

*D & W Diesel, Inc. v. McIntosh*,
 307 A.D. 2d 750 (2003) ..........................................................................................................7

*De Angelis v. Lutheran Med. Ctr.*,
 58 N.Y. 2d 1053 (1983) ..........................................................................................................4

*Dingle v. City of New York*,
 728 F. Supp. 2d 332 (S.D.N.Y. 2010) ....................................................................................3

*Durham Indus., Inc. v. North River Ins. Co.*,
 673 F.2d 37 (2d Cir. 1982) .....................................................................................................6

*eBay Inc. v. MercExchange, L.L.C.*,
 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) .........................................................7

*Eiseman v. State of New York*,
 70 N.Y. 2d 183 (1987) ............................................................................................................4

*Fox v. Marshall*,
    88 A.D. 3d 131 (2011) ................................................................................................4

*Geler v. Nat'l Westminster Bank USA*,
    770 F. Supp. 210 (S.D.N.Y. 1991) ..............................................................................6

*Gordon v. Muchnick*,
    180 A.D. 2d 715 (1992) ..............................................................................................4

*Harris v. Adejumo*,
    36 A.D. 3d 855 (2d Dep't 2007) ................................................................................4

*Irizarry v. Heller*,
    95 A.D. 3d 951 (2012) ................................................................................................4

*Johnson v. Rowley*,
    569 F.3d 40 (2d Cir. 2009) ..........................................................................................3

*Koch v. Greenberg*,
    14 F. Supp. 3d 247, 285 (S.D.N.Y. 2014) *aff'd*, No. 14-1712-CV, 2015 WL
    5711578 (2d Cir. Sept. 30, 2015) ................................................................................7

*Martine's Serv. Ctr., Inc. v. Town of Wallkill*,
    554 F. App'x 32 (2d Cir. 2014) ..................................................................................3

*Murphy v. American Home Prods. Corp.*,
    58 N.Y.2d 293, 448 N.E.2d 86 (1983) ........................................................................6

*Nogbou v. Mayrose*,
    400 F. App'x 617 (2d Cir. 2010) ................................................................................3

*In re NYSE Specialists Sec. Litig.*,
    503 F.3d 89 (2d Cir. 2007) ..........................................................................................3

*Pulka v. Edelman*,
    40 N.Y. 2d 781 (1976) ................................................................................................4

*Wells v. Bank of New York Co., Inc.*,
    181 Misc. 2d 574, 694 N.Y.S.2D 570 (Sup. Ct. N.Y. Cnty., May 24, 1999) .............5

**Statutes**

N.Y. Gen. Bus. Law § 349 ..................................................................................................6, 7

N.Y. Gen. Bus. Law § 349(h) ..................................................................................................7

N.Y. U.C.C. Law § 1–203 ........................................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................3

Fed. R. Civ. P. 12(c) .....................................................................................................................3

**I.      INTRODUCTION**

This case arises out of a loan Plaintiff Olga Arroyo ("Plaintiff") obtained from JPMorgan Chase Bank, N.A. ("Chase") to buy a car for her son.  She claims that the dealer, City World Ford, misrepresented her income and employment information on her credit application submitted to Chase.  Although Plaintiff does not allege that Chase was involved in any way in falsifying her credit application, she nevertheless asserts that Chase should be held liable because its automatic electronic loan approval process did not recognize the inaccurate information in her application and approved her loan.

This case should end.  Both Defendant dealer and Chase are prepared to resolve Plaintiff's issues with her loan – either by letting her return the car and walk away from loan, with no impact to her excellent credit status, or refinance the loan.  Plaintiff, however, is adamant that she is entitled to compel Chase to implement sweeping injunctive relief to change Chase's business practices.  Chase moves this Court for partial judgment on the pleadings to confirm that there is no basis, as a matter of law, for Plaintiff to hold Chase independently liable (i.e., apart from the dealer's alleged conduct) for approving the loan or to obtain injunctive relief.

Specifically, setting aside the claims against the dealer and Chase arising out of the dealer's alleged conduct, Plaintiff asserts claims for negligence and breach of the duty of good faith and fair dealing against Chase and seeks damages and an injunctive relief requiring Chase to reform its underwriting procedures apparently premised on these claims.  As outlined below, because these claims cannot be sustained as a matter of law, Chase is entitled to judgment in its favor on these claims.  First, Plaintiff's claim for negligence fails as a matter of law because Chase does not owe Plaintiff a duty of care – their relationship is contractual.  Second, Plaintiff's claim for breach of the duty of good faith and fair dealing also fails as Plaintiff does not allege

that Chase violated any provision of her underlying loan contract. Finally, Plaintiff's request for injunctive relief against Chase must be dismissed for the independent reasons that she does not allege that she has suffered irreparable harm (because she cannot credibly do so) and because she has an adequate remedy at law – monetary damages.

## II.     PLAINTIFF'S ALLEGATIONS

As pled in the First Amended Complaint, on or about July 30, 2014, Plaintiff, accompanied by her son and his girlfriend, went to City World Ford to purchase a vehicle for her son. ECF No. 9, First Amended Complaint ("FAC"), ¶ 16. City World Ford allegedly prepared a credit application for Plaintiff which inaccurately listed her annual income as $90,000 per year, or $7,500 per month, when she actually only earned $1,354 a month in social security benefits. *Id.*, ¶¶ 53, 57. In addition, the credit application listed her occupation as "Manager" but her employer as "Retired". *Id.*, ¶ 63. Plaintiff admits that she had a very good credit history and that Chase automatically approved her loan application via an electronic process. *Id.*, ¶¶ 15, 26, 61. Notwithstanding her very good credit history, Plaintiff alleges that Chase should not have approved her for the loan and breached some purported duty to her in doing so. *Id.*, ¶¶ 62, 67-70, 134, 142.

## III.     LEGAL ARGUMENT

In her First Amended Complaint, Plaintiff asserts claims for negligence and breach of the duty of good faith and fair dealing solely against Chase and seeks monetary damages and injunctive relief against Chase. FAC ¶¶ 132-144. On July 14, 2015, Chase filed its Answer to Plaintiff's FAC and Cross-Claim against City World Ford. ECF No. 16. Thereafter, the Defendant Dealer filed its Answers, and the pleadings are closed.

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings any time "[a]fter the pleadings are closed ─ but early enough not to delay trial." Fed. R. Civ. P. 12(c). The legal standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nogbou v. Mayrose*, 400 F. App'x 617, 619 (2d Cir. 2010). "To survive a Rule 12(c) motion," a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions." *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 34 (2d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678). The court need not accord "legal conclusions, deductions or opinions couched as factual allegations a presumption of truthfulness." *Dingle v. City of New York*, 728 F. Supp. 2d 332, 343 (S.D.N.Y. 2010) (citing *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)) (ellipses omitted).

Applying these standards, the case law confirms that Plaintiff's claims for negligence, breach of the duty of good faith and for injunctive relief, as pled, fail as a matter of law.

**A.  Chase Is Entitled To Judgment As A Matter of Law On Plaintiff's Negligence Claim Because Chase As A Lender Does Not Owe Plaintiff a Duty**

In her sixth claim, Plaintiff perfunctorily alleges Chase owed her a duty of ordinary care which it purportedly breached by allegedly "failing to underwrite [Plaintiff's] credit application and allowing her loan to be automatically approved." FAC ¶¶ 133-134. Plaintiff also alleges Chase breached its duty when it supposedly ratified City World Ford's unfair and deceptive practices after Plaintiff allegedly complained to Chase about them. FAC ¶ 135. As a result of the alleged misconduct, Plaintiff maintains she "suffered compensable harm, including actual

damages and emotional distress." FAC ¶ 136.  As pled, Chase does not owe a duty to Plaintiff here.

Under New York law, a plaintiff is not entitled to recover for negligence unless (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the defendant's breach was a proximate cause of injury to the plaintiff. *Irizarry v. Heller*, 95 A.D. 3d 951, 953 (2012).  "Absent a duty of care, there is no breach, and without breach there can be no liability." *Fox v. Marshall*, 88 A.D. 3d 131, 135 (2011), citing *Pulka v. Edelman*, 40 N.Y. 2d 781 (1976); *Gordon v. Muchnick*, 180 A.D. 2d 715 (1992).  Moreover, "[u]nlike foreseeability and causation, both generally factual issues to be resolved on a case-by-case basis by the fact finder, the duty owed by one member of society to another is a legal issue for the courts." *Fox v. Marshall*, 88 A.D. 3d at 135, citing *Eiseman v. State of New York*, 70 N.Y. 2d 183, 187 (1987), citing *De Angelis v. Lutheran Med. Ctr.*, 58 N.Y. 2d 1053, 1055 (1983).

With respect to the threshold element of duty, it is well-established that a lender owes no duty of care to a borrower.  *See Cendant Mortg. Corp. v. Packes*, 37 A.D. 3d 515, 516 (2d Dep't 2007) (lender does not owe borrower a special duty of care in action for inaccurate appraisal); *Harris v. Adejumo*, 36 A.D. 3d 855, 856 (2d Dep't 2007) (lender did not owe borrower a duty of care to examine and authenticate the genuineness of seller's signature on the contract of sale); *Burger v. Singh*, 28 A.D. 3d 695,697 (2d Dep't 2006) (lender did not owe the borrower a duty to exercise due care in verifying the identity of the person who appeared at the closing purporting to be the owner of the property); *CFSC Capital Corp. XXVII v. Bachman Mech. Sheet Metal Co., Inc.*, 247 A.D. 2d 502, 504-05 (2d Dep't 1998) (borrower "failed to demonstrate the existence of any duty on the part of [the mortgagee] nor ha[d] they demonstrated the breach of any such duty.") (emphasis added).

Here, Plaintiff, without any factual support, contends that Chase owed Plaintiff a duty of ordinary care.  FAC ¶ 133.  However, the duty alleged is one arising entirely from an arms-length contractual relationship between a lender – Chase – and a borrower – Plaintiff.  Accordingly, the law is clear that Chase does not owe Plaintiff a duty of care.  Moreover, Plaintiff's negligence claim fails as a matter of law to the extent the purported duty arose from either Plaintiff's loan contract with Chase or the general contractual nature of the lender/borrower relationship because a negligence claim cannot be based on a contractual duty. *See Wells v. Bank of New York Co., Inc.*, 181 Misc. 2d 574, 579, 694 N.Y.S.2D 570, 575 (Sup. Ct. N.Y. Cnty., May 24, 1999) (a cause of action for negligence cannot be based on a breach of a contractual duty); *see*, *also*, *Calisch Assoc. v. Manufacturers Hanover Trust Co.*, 151 A.D. 2d 446, 447 (1989) (same).  Because Plaintiff's negligence claim is based on nothing more than a purported duty of care arising from a contractual relationship between a lender and a borrower, Plaintiff's claim necessarily fails and must be dismissed.

**B.  Plaintiff's Claim For Breach of the Duty of Good Faith And Fair Dealing Likewise Fails Because Plaintiff Does Not Allege A Breach Of Her Underlying Contract**

Plaintiff's seventh cause of action for breach of the duty of good faith and fair dealing is premised on the same allegations as her negligence claim, namely that Chase breached the duty of good faith when it automatically approved her for the loan and "ratified" the wrongful conduct of City World Ford instead of rescinding her loan contract. FAC ¶¶ 142, 143.  What Plaintiff fails to address, however, is that the breach of the duty of good faith is merely the breach of an underlying contract, and is not, as Plaintiff suggests, a breach of some separate duty. *See* FAC ¶¶139-141.  As Plaintiff does not allege that Chase violated any provision of her loan contract, she cannot maintain a claim for breach of the duty of good faith.

Under New York law, a duty of good faith and fair dealing is implicit in every contract, but breach of that duty is merely a breach of the underlying contract. *Geler v. Nat'l Westminster Bank USA*, 770 F. Supp. 210, 215 (S.D.N.Y. 1991); *see also Durham Indus., Inc. v. North River Ins. Co.*, 673 F.2d 37, 41 (2d Cir. 1982). Indeed, allegations of a breach of duty of good faith presuppose a breach of the express terms of a contract and do not entitle a plaintiff to relief not otherwise available under a breach of contract claim. *Geler v. Nat'l Westminster Bank USA*, 770 F. Supp. 210. The implied duty is simply "in aid and furtherance of other terms of the agreement of the parties." *Ctr.-Point Merch. Bank Ltd. v. Am. Exp. Bank Ltd.*, 913 F. Supp. 202, 209 (S.D.N.Y. 1996), citing *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 448 N.E.2d 86, 91 (1983); *see also* N.Y. U.C.C. Law § 1–304, Official Comment (McKinney 1991) ("[t]he doctrine of good faith merely directs a court towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached").

Here, Plaintiff does not even reference any provision of her loan contract, much less allege that Chase violated an express provision thereof. Instead, Plaintiff mirrors her negligence claim and asserts that by approving her for the loan in the first instance and not rescinding the loan contract when she complained about City World Ford, Chase also breached the duty of good faith and fair dealing. In light of the foregoing, these allegations are insufficient to support her seventh cause of action and it must be dismissed as a matter of law.

C.     **Plaintiff's Request For Injunctive Relief Should Be Dismissed**
In her prayer for relief, Plaintiff requests that the Court enter an injunction requiring Chase "to reform its underwriting procedures so as to avoid purchasing fraudulently obtained Retail Instalment [sic] Contracts," purportedly in connection with her fourth claim for violation of N.Y. Gen. Bus. Law § 349. *See* FAC ¶ 125 and Prayer for Relief ¶ 5.

Generally, to obtain injunctive relief, a plaintiff must demonstrate: "(1) that [she] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *See Koch v. Greenberg*, 14 F. Supp. 3d 247, 285 (S.D.N.Y. 2014) *aff'd*, No. 14-1712-CV, 2015 WL 5711578 (2d Cir. Sept. 30, 2015), *citing eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). It is also well-settled that injunctive relief may be appropriate when the defendant "threatened to violate the rights of the plaintiff '*respecting the subject of the action*, which would tend to render the judgment ineffectual.'" *See Credit Agricole Indosuez v. Rossiyskiy Kredit Bank*, 94 N.Y. 2d 541, 545 (2000), quoting *Campbell v. Ernest*, 64 Hun. 188 (N.Y. 1892) (emphasis in orginal). However, "in a pure contract money action, there is no right of the plaintiff in some specific *subject* of the action; hence … [there is no] entitlement to injunctive relief." *Id.* In such situation, the "plaintiff has an adequate remedy in the form of monetary damages, and injunctive relief is both unnecessary and unwarranted." *D & W Diesel, Inc. v. McIntosh*, 307 A.D. 2d 750, 751 (2003). Further, N.Y. Gen. Bus. Law. ("GBL") § 349(h) permits a plaintiff may bring an action for actual damages and/or injunctive relief. N.Y. Gen. Bus. Law § 349 (McKinney). However, "this statutory right of action does not vitiate the need to satisfy the factors outlined in *eBay*. [Plaintiff's] status as a private attorney general will not relieve him of the traditional burdens of a plaintiff in equity." *Koch v. Greenberg*, 14 F. Supp. 3d at 283-284.

Here, Plaintiff has not – and cannot – state sufficient facts to sustain a claim for injunctive relief as a matter of law. First, as a threshold matter, Plaintiff does not even allege that she has suffered an irreparable injury. She does not contend that Chase has interfered, or

threatened to interfere, with her possession of the subject vehicle nor does she ask the Court to prevent Chase from doing so.  Equally fatal to her claim is Plaintiff's admission that she has adequate remedies at law evidenced by the fact that she seeks monetary damages in connection with each of her causes of action.  *See* FAC ¶¶ 99 (FCRA), 110 (TILA), 115 (CROA), 125 (GBL 349), 131 (fraud), 136 (negligence), and 144 (breach of the duty of good faith and fair dealing).  Nor can she credibly claim that monetary damages would not address fully her claims given that her loan has been made and the requested injunctive relief to change Chase's loan approval process going forward would have no impact on her whatsoever.

## IV.    CONCLUSION

For the foregoing reasons, Chase respectfully requests that this Court should grant its Motion for Partial Judgment on the Pleadings and dismiss Plaintiff's claim for negligence, breach of the duty of good faith and fair dealing and her request for injunctive relief with prejudice.

Dated:  November 12, 2015

Respectfully submitted,

*/s/ Mary J. Hackett*
Mary J. Hackett
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone:  (412) 288-3250
Facsimile:  (412) 288-3063
mhackett@reedsmith.com

*Counsel for Defendant/Cross-Claim Plaintiff JPMorgan Chase Bank, N.A.*

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, states that on November 12, 2015, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to attorneys of record.

Respectfully submitted,

*/s/ Mary J. Hackett*
Mary J. Hackett
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3250
Facsimile: (412) 288-3063
mhackett@reedsmith.com

*Counsel for Defendant/Cross-Claim Plaintiff JPMorgan Chase Bank, N.A.*